IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JERMAINE LATIMER McKIVER                                    PETITIONER

VS.                                        CIVIL ACTION NO. 3:20-cv-67-CWR-FKB

WARDEN WALTER VEREEN                                        RESPONDENT

## **REPORT AND RECOMMENDATION**

Jermaine Latimer McKiver is a federal prisoner serving a 188-month sentence at

the Federal Correctional Complex in Yazoo City, Mississippi.  He brought this action

pursuant to 28 U.S.C. § 2241 challenging his conviction. The undersigned recommends

that the petition be denied.

In 2012, McKiver pleaded guilty in the United States District Court for the Middle

District of North Carolina to one count of being a felon in possession, in violation of 18

U.S.C. §§ 922(g) and 924(e).  *United States v. McKiver*, No. 1:12-cr-71-1 (M.D.N.C.).

He did not appeal.  In 2014, he filed a motion for relief pursuant to 28 U.S.C. § 2255,

alleging, *inter alia*, that his attorney had rendered ineffective assistance in failing to file a

notice of appeal.  *Id.*, ECF No. 27.   After conducting an evidentiary hearing, the district

court denied relief.  *Id.*, ECF No. 39.  McKiver did not appeal.[1]

---

[1] McKiver made additional attempts to set aside his conviction.  On May 18, 2016, he filed a second
motion to vacate, seeking relief pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015).  *McKiver*,
ECF No. 42.  The claim was dismissed. *Id.*, ECF No. 47.  Subsequently, the Fourth Circuit denied him
permission to file a successive § 2255 motion seeking relief under *Johnson*.  *Id.*, ECF No. 49.  On March
19, 2018, he moved to reopen the § 2255 proceeding.  *Id.*, ECF No. 50.  The district court denied the
motion.  *Id.*, ECF No. 53.  The Fourth Circuit affirmed. *United States v. McKiver*, 746 F. App'x 283 (4th Cir.
2019).  In February of 2020, McKiver filed yet another § 2255 motion, this time seeking relief, as here,
under *Rehaif v. United States*, 139 S.Ct. 2191 (2019).  *McKiver*, No. 1:12-cr-71-1 (M.D.N.C), ECF No. 60.
It was dismissed as successive.  *Id.*, ECF No. 65.  He did not appeal.

In his § 2241 petition, McKiver argues that pursuant to the Supreme Court case of *Rehaif v. United States*, 139 S.Ct. 2191 (2019), his conviction is no longer valid.  In *Rehaif*, the Supreme Court held that in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2), the government must prove that the defendant knowingly violated each of the material elements of § 922(g), *i.e.,* he must have known both that he possessed a firearm and that he belonged to the relevant category of persons prohibited from doing so.  139 S.Ct. at 2200.  Thus, McKiver contends that in his case, the government was required to establish as a factual basis of his plea that he knew both that he possessed a firearm and that he was a convicted felon.  He argues that the failure of the government to establish his knowledge of his felony status at the time of the crime renders his guilty plea void.

Generally, the proper vehicle for challenging a federal conviction or sentence is a motion under 28 U.S.C. § 2255 in the court of conviction, not a § 2241 action in the district of incarceration.  *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (per curiam).  A federal prisoner may challenge his conviction under § 2241 only if his claim falls under the "savings clause" exception of § 2255, which allows a prisoner to resort to § 2241 if he establishes that a remedy under § 2255 is inadequate or unavailable.  *See* 28 U.S.C. § 2255(e).  A remedy is inadequate where (1) a petitioner's claim is based upon a retroactively-applicable Supreme Court decision; (2) the claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, direct appeal, or first § 2255 motion; and (3) the decision establishes that the petitioner may have been convicted of a nonexistent offense (the "actual innocence" prong).

2

*Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  A petitioner bears the burden of coming forward with evidence as to each element of the test.  *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010).

Recently, in *Abram v. McConnell*, 3 F.4th 783 (5th Cir. 2021), the Fifth Circuit described the difficulty a *Rehaif* petitioner faces meeting his burden as to the third factor, that of actual innocence of the underlying offense.  This is because, as the court observed, "[c]onvicted felons typically know they're convicted felons."[2] *Abram*, 3 F.4th at 786 (quoting *Greer v. United States*, 141 S.Ct. 2090, 2098 (2021)).  Here, McKiver has neither offered any evidence of lack of knowledge of his status as a convicted felon, nor has he even alleged that he was unaware of his felony status.  "Where a prisoner seeks relief under *Rehaif*  but fails to 'argue that he was unaware of his [relevant] status, he has failed to demonstrate that he [is] entitled to proceed under § 2255(e)'s savings clause." *Id.* (quoting *Palmer v. Johnson*, 844 F. App'x 768, 769 (5th Cir. 2021)).

Because he has failed to carry his burden as to the actual innocence prong of § 2255(e), this court is without jurisdiction to entertain his claim.  For this reason, the undersigned recommends that habeas relief be denied and the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and

---

[2] McKiver had several previous felony convictions.  The factual basis for the plea set out the following: Armed robbery, convicted on October 8, 1993, sentenced to 14 years; drug offense, convicted on October 8, 1993, sentenced to three years; drug offense, convicted on October 9, 1993, sentenced to three years; and two drug offenses, convicted on September 5, 1990, sentenced to three years each  *McKiver*, No. 1:12-cr-71-1 (M.D.N.C.), ECF No. 11 at 1.

recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the  day of 6th day of October, 2021.

/s/ F. Keith Ball
United States Magistrate Judge